United States District Court
Southern District of Texas
**ENTERED**
March 29, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STEVE WATKINS and LISA WATKINS, § § *Plaintiffs,* § § v. § CIVIL ACTION NO. 4:21-cv-1946 § HARTFORD ACCIDENT AND § INDEMNITY COMPANY § § *Defendant.* § | |

## ORDER

Pending before the Court are several motions in this matter. After examining the motions, summary judgment evidence (where applicable), and relevant law, the Court hereby issues the following order.

### I.  Background

This first-party lawsuit originated from a collision involving multiple vehicles on May 2, 2017. Plaintiffs Steve Watkins ("Mr. Watkins") and Lisa Watkins ("Ms. Watkins") were traveling in a vehicle in Harris County, Texas, when they were struck from behind and were pushed into the vehicle in front of them. They were in the process of taking Ms. Watkins for a medical procedure. The Watkins assert that another driver, Lucas Love, was at fault for the accident, and that he was "underinsured." Mr. Watkins suffered a broken thumb. Mr. Watkins seeks underinsured motorist ("UIM") coverage benefits for his alleged injuries, and Ms. Watkins asserts a bystander claim.

### II.  Nonsuiting Past and Future Medical Expenses

At the Court's December hearing, Plaintiff Steve Watkins indicated his intent to nonsuit his claims for past and future medical expenses. This intent was confirmed in his Second Amended

Complaint (Doc. No. 62) in which Watkins seeks "past and future physical impairment, past and future physical pain and suffering, past and future disfigurement, and past and future mental anguish," but no medical expenses. Defendant Hartford Accident and Indemnity Company ("Hartford" or "Defendant") believes that nonsuiting these claims—after two years of actively prosecuting and forcing a defense to those damages—is impermissible.

Under Federal Rule of Civil Procedure 41(a), a party may not voluntarily nonsuit claims without the opposing party's stipulation or by court order. Here, the parties have been litigating this case for over two years with the understanding that past and future medical expenses would be at issue. For example, Watkins designated a life care planner, Dr. Shelly Savant, to testify regarding Watkins's future medical expenses. Hartford expended significant time and money to designate its own expert to rebut Dr. Savant's calculations. In short, Hartford relied on past and future medical expenses claims in building its defense in this matter, and the Court is of the opinion that it would be unfairly prejudicial to permit Watkins to nonsuit these damages at this time.

Moreover, Watkins' past medical expenses will no doubt be relevant to the jury to consider based upon a full presentation of the evidence. In all likelihood, the jury will not be able to reliably determine any past or future noneconomic damages (i.e. the "past and future physical impairment, past and future physical pain and suffering, past and future disfigurement, and past and future mental anguish" he seeks) without considering the full extent of Mr. Watkins's past medical treatment and associated payments or incurred costs. (*See* Doc. No. 62 at 5). Therefore, while the Court hereby permits Mr. Watkins to nonsuit these claims (should he choose to do so), the Court, depending on the evidence, will in all likelihood not exclude from evidence his past medical treatment and associated payments or incurred costs; this evidence presumably goes toward contested issues and, as such, will be relevant for the jury to consider.

### III. Motion to Exclude the Testimony of Expert Witness Shelly Savant

The Court next addresses Hartford's Motion to Exclude the Testimony of Shelly Savant. (Doc. No. 29).[1]

The Watkins have designated Shelly Savant, MD, CLCP, to provide expert testimony and a life care plan for Steve Watkins. Dr. Savant also purports to opine regarding Mr. Watkins's prognosis, diagnostic and therapeutic necessities, and the alleged causal connection between his injuries and the accident. Dr. Savant has provided a life care plan, which includes a plan for future medical treatment, an opinion on causation, opinions regarding the diagnosis and treatment history of Steve Watkins, and an estimate of the costs of purported future medical treatment.

While Hartford does not argue that Dr. Savant is not qualified as a life care planner, it does claim that Dr. Savant is not qualified to testify as an expert on causation because her opinions are not based upon a reliable foundation and are nothing more than speculation. Hartford also contends that Savant's disclosure failed to comply with Federal Rule of Civil Procedure Rule 26 because the Watkins have not provided the facts or data considered by Dr. Savant in arriving at her opinions in this case. According to Hartford, without reliable factual data, Savant's testimony contains analytical gaps and is speculation.

Moreover, Hartford argues that that Savant's testimony and purported life care plan is at odds with Mr. Watkins' advice from medical providers and at odds with his own behavior. For instance, Dr. Varon, Mr. Watkins's surgeon, does not include any recommendations for long-term medications, nor does he provide a referral for pain management in any of his records. Yet, Dr. Savant finds a need for Mr. Watkins to undergo physical therapy, occupation therapy, blood tests, MRIs, x-rays, long-term pain medication, orthopedic surgery, primary care, pain psychology

---

[1] Hartford's Motion to Strike Watkins' Untimely Response to Hartford's' Motion to Exclude Shelly Savant (Doc. No. 39 at 8) is denied. The Court will consider Plaintiffs' response.

3

evaluations, and steroid injections for the rest of his life despite the fact that Mr. Watkins has not sought any of the treatments that Dr. Savant stated would be necessary since the accident on May 2, 2017. (*See* Doc. No. 29 at 51-52; 80-83).

In response, Mr. Watkins notes that Savant's deposition had not yet taken place at the time of Hartford's motion to strike, and that any flaws in Savant's initial disclosure did not prejudice Hartford because Hartford was still able to hire an expert and provide a rebuttal report. Mr. Watkins maintains that Dr. Savant is qualified and has reliably applied the life planning principles and methodology to this case. She is both a board-certified neurologist and psychiatrist and a Certified Life Care Planner, has substantial post-graduate medical training in life care planning, and is a member of the International Association of Rehabilitation Professionals.

The Court finds that excluding Dr. Savant's testimony is not the proper remedy for the Rule 26 deficiencies alleged by Hartford, and the Court will defer ruling on the extent of admissibility of Dr. Savant's testimony until trial. For now, Hartford has had adequate notice of the facts relied upon by Dr. Savant and was able to designate a counter-expert. Assuming that Mr. Watkins can demonstrate that Dr. Savant applied her expertise to case specific-facts, Hartford's objections are best resolved through cross-examination at trial. Hartford's motion to exclude the testimony of Dr. Savant (Doc. No. 29) is therefore denied.

### IV.    Motion for Partial Summary Judgment on Lisa Watkins

Hartford also filed a motion for summary judgment concerning Lisa Watkins' bystander claim. (Doc. No. 30).[2]

---

[2] Hartford's Motion to Strike Lisa Watkins' Untimely Response to Hartford's' Motion for Summary Judgment (Doc. No. 37 at 2) is denied. The Court will consider Plaintiffs' response.

4

Hartford argues that the Court should grant summary judgment in favor of Hartford because Ms. Watkins cannot establish that she is a bystander who is entitled to recover damages after seeing her husband merely break his thumb in a vehicle accident. Mr. Watkins suffered a broken thumb in a motor vehicle accident in which Ms. Watkins was a passenger. Ms. Watkins's claim that Mr. Watkins's injuries are "serious injuries" sufficient to warrant bystander recovery fails as a matter of law. Further, Ms. Watkins is unable to establish that she suffered shock as a result of the contemporaneous observance of the accident. Thus, Hartford is entitled to summary judgment as to Ms. Watkins's claims for bystander recovery.

*A. Legal Standard*

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in

favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara*, 353 F.3d at 405. It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

*B. Analysis*

Ms. Watkins claims to have suffered mental anguish after seeing her husband break his thumb in the accident. (*See* Doc. No. 1-3 at 5, ¶ 13). Since she saw her husband break his thumb in the accident, Ms. Watkins asserts a bystander claim. (*See id.*).

A bystander may recover mental anguish damages under Texas law after witnessing a close relative suffer a traumatic injury that is a result of a defendant's negligent action. *See Freeman v. City of Pasadena*, 744 S.W.2d 923, 924 (Tex. 1988). A bystander who witnesses a negligently inflicted ***serious or fatal injury*** may recover for mental anguish if: (1) the bystander was located near the scene of the accident as contrasted with one who was a distance away from it; (2) the shock resulted from a direct emotional impact upon the bystander from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence; and (3) the bystander and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship. *Id.*; *see also Holcombe v. United States*, No. SA-18-CV-555-XR, 2021 U.S. Dist. LEXIS 21211, at *15 (W.D. Tex. 2021). When the material facts are undisputed, whether the plaintiff can recover as a bystander is a question of law. *United Servs. Auto. Ass'n v. Keith*, 970 S.W.2d 540, 541–42 (Tex. 1998); *Jones v. City of Houston,* 294 S.W.3d 917, 920 (Tex. App.— Houston [1st Dist.] 2009, pet. denied); *Chapa v. Traciers & Assocs.*, 267 S.W.3d 386, 399–400 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

6

While it is clear that Ms. Watkins was located near the scene of the accident, and is a close relative to Mr. Watkins, Hartford argues that Ms. Watkins cannot establish that she suffered shock or that Mr. Watkins's injury was the type of "serious or fatal injury" contemplated under Texas law to recover under a bystander theory.

Ms. Watkins's testimony regarding the aftermath of the accident shows that she did not suffer any direct emotional impact or mental anguish as a result of the observation of her husband's injury. After seeing her husband's injured thumb, Ms. Watkins helped the driver behind the Watkins' car, began directing traffic, and was concerned with missing her colonoscopy appointment. (*See* Doc. No. 30 at 32). She ultimately underwent her colonoscopy as scheduled after the accident. (*See* Doc. No 30 at 35). Likewise, Hartford argues that Ms. Watkins cannot establish that she suffered any higher degree of mental anguish caused by the observation of her husband's injuries. The Supreme Court of Texas has long held that a mental anguish damages award requires evidence of a "high degree of mental pain and distress that is more than mere worry, anxiety, vexation, embarrassment, or anger." *McCaig v. Wells Fargo Bank*, 788 F.3d 463, 482 (5th Cir. 2015) (citing *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 444 (Tex. 1995)) (internal quotations omitted). The plaintiff must offer "direct evidence of the nature, duration, and severity of their mental anguish, thus establishing a substantial disruption in the plaintiff's daily routine," or other evidence of a high degree of mental pain and distress that is "more than mere worry, anxiety, vexation, embarrassment, or anger.'" *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 444 (Tex. 1995) (internal citations omitted). Finally, Hartford maintains that, as a matter of law, a broken thumb is not the sort of serious or fatal bodily injury contemplated under Texas law to recover a bystander theory.[3]

---

[3] *See e.g.; Haught v. Maceluch*, 681 F.2d 291, 300–302 (5th Cir. 1982) (allowing a mother to recover for baby's brain damage caused by a traumatic and mismanaged birth); *Edinburg Hosp. Auth v. Trevino*, 941 S.W.2d 76, 80 (Tex.

7

In response, Ms. Watkins argues that there is no bright line rule for how to establish that a claimant has suffered shock as a result of the observation of the victim's injuries and that, accordingly, summary judgment is improper as this is a role for the jury. Ms. Watkins points to portions of her testimony describing the accident, including that the car was filled with smoke and that there was blood everywhere. In addition, Ms. Watkins points to her own interrogatory response that states: "The symptoms that I have experienced has had an impact on my ability to function in my daily life as effectively as I had functioned in the past." (Doc. No. 35 at 4). She argues this is enough to raise a fact issue as to whether she has "direct evidence of the nature, duration, and severity of their mental anguish, thus establishing a substantial disruption in the plaintiff's daily routine," or other evidence of a high degree of mental pain and distress that is "more than mere worry, anxiety, vexation, embarrassment, or anger." *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 444 (Tex. 1995).

Upon reviewing the arguments, summary judgment evidence, and applicable law, the Court agrees with Hartford that Ms. Watkins failed to raise a genuine issue of material fact as to her Texas bystander claim. Hartford's motion for partial summary judgment is hereby GRANTED. (Doc. No. 30). As an initial matter, Ms. Watkins' statement that her symptoms have impacted her ability to function as effectively as before is conclusory, vague, and lacks factual support. She has not offered any direct evidence of the nature, duration, and severity of her mental anguish. Moreover, she has failed to offer any evidence of how witnessing Mr. Watkins' injury—breaking

---

1997) (allowing a mother to recover after observing daughter, who later died from injuries, trapped in a wrecked car "making scary noises and crying out"); *Healthcare Ctrs. v. Rigby*, 97 S.W.3d 610, 622-23 (Tex. App. — Houston [14th Dist.] 2002, pet. denied) (allowing daughter to recover after seeing mother being raped); *City of Austin v. Davis*, 693 S.W.2d 31 (Tex. App.—Austin 1985, writ denied) (allowing father to recover after observing son falling to his death at the base of an elevator shaft); *Landreth v. Reed*, 570 S.W.2d 486 (Tex. App.—Texarkana 1978, no writ) (allowing recovery after brother observed his sister drowning); *Thornton v. Home Depot U.S.A., Inc.*, No. A-04-CA-1039 AWA, 2006 U.S. Dist. LEXIS 49473, 2006 WL 2022920, at *5 (W.D. Tex. July 17, 2006) (allowing recovery to nine-year-old after she witnessed her twin sisters burning in their home).

his thumb in a car accident—caused her mental anguish of the kind associated with a bystander claim. While Mr. Watkins was receiving treatment for his thumb following the incident, Ms. Watkins attended her own colonoscopy. Therefore, the Court finds that Ms. Watkins failed to raise a genuine issue of material fact in support of her bystander claims.

### V. Motion for Partial Summary Judgment concerning Workers Compensation

Finally, Hartford filed a motion for summary judgment concerning workers compensation for Steve Watkins' claim. (Doc. No. 31). Hartford argues that Mr. Watkins should be precluded from recovery because Mr. Watkins has not shown his purported damages are not paid or payable by a workers' compensation insurer pursuant to the insurance contract with Hartford. Hartford's policy includes language that an insured seeking recovery of UIM benefits must establish that there is no other insurance available that covers their alleged injuries, or that could have covered their alleged injuries (e.g., workers' compensation insurance, disability insurance, etc.).

Hartford contends that the Named Insured—SMW Projects, Inc. d/b/a S&S Electrical (Mr. Watkins's employer)—maintained workers' compensation insurance at the time of the accident, but that Mr. Watkins failed to seek coverage under that policy, or, alternatively, cannot now establish lack of coverage under that policy. Hartford believes that workers' compensation insurance is an applicable prerequisite to Mr. Watkins' recovery here for two reasons. First, in Mr. Watkins' supplemental answer, he states: "I am the owner of the company, so I am always on the clock, 24/7. I had my computer in the vehicle with me so that I could work on some proposals at the hospital while my wife was getting her procedure." (Doc. No. 31-1 at 10). Second, in his deposition, Mr. Watkins confirmed that his company did maintain workers' compensation insurance for is employees who suffer injuries while in the course and scope of employment and that he did not submit a claim to the workers' compensation insurer.

After considering the evidence and summary judgment standard, the Court denies this motion. One off-hand comment in an interrogatory answer does not demonstrate as a matter of law that Mr. Watkins was acting in the course and scope of employment. The record shows that he was driving his wife to the hospital for her colonoscopy; he was not performing any job-related tasks. At the summary judgment stage, the Court does not find that, as a matter of law, Mr. Watkins was injured in the scope of his employment. Therefore, submitting a claim to workers' compensation is not a prerequisite to recovery on his UIM policy. Hartford's motion for partial summary judgment on this claim (Doc. No. 31) is therefore denied.

## VI. Conclusion

For the many reasons above, the Court hereby DENIES Hartford's motion to exclude testimony of Dr. Shelly Savant (Doc. No. 29), GRANTS Hartford's motion for partial summary judgment on Lisa Watkins's bystander claim (Doc. No. 30), and DENIES Hartford's motion for partial summary judgment on Steve Watkins' claims. (Doc. No. 31). Lisa Watkins's claims are therefore dismissed with prejudice.

Moreover, the Court will allow Mr. Watkins' nonsuit of his past and future medical expenses claims, if he chooses, but with the aforementioned caveat. Mr. Watkins is granted leave to file a third amended complaint within 14 days of this order or else leave his Second Amended Complaint (Doc. No. 62) as the operative complaint.

The Court understands that the parties are ready to try the issue of Steve Watkins's damages. Therefore, the parties are to reach out to the Court for scheduling at their earliest convenience. The issue to be tried is limited to damages; once the parties obtain a jury verdict on this issue, the Court will proceed with Mr. Watkins's remaining causes of action if necessary.

SIGNED at this 29th day of March, 2024.

Andrew S. Hanen
United States District Judge