United States District Court
Southern District of Texas

**ENTERED**

May 31, 2024

Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| STEVE WATKINS, | § | |
| | § | |
| *Plaintiff,* | § | |
| VS. | § | CIVIL ACTION NO. 4:21-cv-1946 |
| | § | |
| HARTFORD ACCIDENT AND | § | |
| INDEMNITY COMPANY, | § | |
| | § | |
| *Defendant.* | § | |

### ORDER

This Court has reviewed the Motion for Entry of a Take-Nothing Judgment filed by Hartford Accident and Indemnity Company ("Defendant" or "Hartford"). (Doc. No. 111). Steve Watkins ("Plaintiff" or "Watkins") did not respond to the motion, and the deadline to do so has passed. Watkins did, however, file a Status Report with the Court, and the Court will treat this Status Report as a response in opposition. (Doc. No. 113). Upon considering the briefings, the Court hereby GRANTS Hartford's Motion for Entry of Take-Nothing Judgment. (Doc. No. 111). A Final Judgment will be entered in a separate document as required by Federal Rule of Civil Procedure 58(a).

### I.    Whether the At-Fault Driver was an Underinsured Motorist

Hartford filed a motion for the Court to enter a take-nothing judgment because the at-fault motorist was not an underinsured motorist as a matter of law. (Doc. No. 111) The deadline to respond to the motion has since passed, and Watkins did not file a response. *See* L.R.7.4. Watkins did, however, file a Status Report containing arguments for why the Court should not enter a take-nothing judgment. (Doc. No. 113). The Court will therefore treat the Status Report as Watkins's response in opposition. For the following reasons, the Court agrees with Hartford and finds that the jury verdict supports a take-nothing judgment.

At the request of the parties, the Court held a trial in which the sole issue to be determined was the amount of actual damages suffered by Plaintiff as a result of a multi-vehicle motor vehicle accident that occurred on May 2, 2017. The jury returned a verdict determining Watkins' actual damages to be $30,000.00.

It was undisputed that the motorist at fault for this accident was a driver by the name of Lucas Love. At the time, Lucas Love had a personal auto policy that provided $30,001.00 per person and $60,001.00 per occurrence in liability limits. (Doc. No. 111-1 at 3). Notwithstanding this limit, following the accident, Lucas Love settled with Watkins for $20,000.00 and was released from liability. Since Watkins' actual damages ($30,000.00) were determined to be less than the at-fault motorist's policy limits ($30,001.00), Hartford contends that the at-fault motorist was not an underinsured motorist as a matter of law. As such, Hartford contends that it has no obligation to pay Watkins underinsured motorist benefits and that, without a right to underinsured motorist policy benefits, Watkins cannot recover anything.

In response, Watkins argues that his $30,000.00 in damages should be offset by his actual recovery of $20,000.00 rather than Love's $30,001.00-per-person policy limit. Watkins argues that "[w]hile the policy was a 30/60 policy, there were multiple people injured, and as a result, [Watkins] only recovered $20,000, and Geico [Love's insurer] paid the entire $60,000 limit. As a result, there were no additional funds available for Mr. Watkins from Geico."[1] (Doc. No. 113 at 2). Thus, Watkins essentially argues that Love's insurance limit should be considered to be $20,000.00 rather than the $30,001.00 that Hartford suggests. Watkins believes that an appropriate

---

[1] Aside from this statement by counsel—which is not evidence—Watkins does not provide the Court with any evidence that Geico actually paid out the entire $60,001.00 limit for the occurrence, or otherwise exhausted Love's per occurrence policy limit. Without such evidence, the Court cannot consider the question of whether to apply the $30,001.00 per person limit or the $60,001.00 per occurrence limit in determining whether Love was an uninsured motorist.

2

judgment would be calculated by totaling $30,000.00 (actual damages) + court costs + prejudgment interest, minus the $20,000 settlement credit. (*Id.*).

To protect responsible motorists from financial loss caused by uninsured and underinsured drivers, Texas law requires automobile insurers to include underinsured motorist ("UIM") coverage in their policies unless their insured rejects that coverage in writing. Tex. Ins. Code § 1952.101. This UIM coverage must "provide for payment to the insured of **all amounts that the insured is legally entitled to recover** as damages from owners or operators of underinsured motor vehicles because of bodily injury or property damage, not to exceed the limit specified in the insurance policy, and **reduced by the amount recovered or recoverable from the insurer of the underinsured motor vehicle**." Tex. Ins. Code Ann. § 1952.106 (emphasis added). Hartford's policy with Watkins tracks this statutory language. *See* (Doc. No. 111, App. at 9, 12) (stating that Hartford will pay under UIM coverage only if "the limit of any applicable liability bonds or policies has been exhausted" and defining an uninsured motor vehicle as one to which a policy applies at the time of the accident, but that policy is not enough to pay the full amount the insured is legally entitled to recover as damages.)

"[A] UIM contract is unlike many first-party insurance contracts because, according to its terms, benefits are conditioned upon the insured's legal entitlement to receive damages from a third party." *In re American Nat'l Cnty. Mut. Ins. Co.*, 384 S.W.3d 429, 437 (Tex. App.—Austin 2012, no pet.). Therefore, to establish an insurer's contractual obligation to pay UIM benefits, the insured must obtain legal determinations as to the third-party's liability and underinsured status. *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006). A motorist is uninsured only if the available proceeds of his liability insurance are insufficient to compensate for the injured party's actual damages. *Stracener v. United Servs. Auto. Ass'n*, 777 S.W.2d 378, 380 (Tex.

1989); *In re Reynolds*, 369 S.W.3d 638, 652 (Tex. App.—Tyler 2012, no pet.). Therefore, as a prerequisite to establishing entitlement to UIM benefits, a plaintiff must first establish (1) that he is legally entitled to recover from an underinsured motorist and (2) that his damages exceed the policy limits of the underinsured motorist's policy. *Allstate Ins. Co. v. Jordan*, 503 S.W.3d 450, 453 (Tex. App.—Texarkana 2016, no pet.); *see also In re USAA Gen. Indem. Co.,* 624 S.W.3d 782, 788 (Tex. 2021) ("If the liable motorist's insurance coverage is insufficient to compensate the insured for those damages, the contractual duty to pay UIM benefits arises.").

Here, Lucas Love's policy limits exceeded Watkins' damages by one dollar. Thus, the at-fault motorist's insurance was sufficient to compensate the insured's (Watkins's) actual damages, notwithstanding the fact that Watkins settled with Lucas Love for only $20,000. As noted in the above cases, the relevant comparison in determining a driver's status as an underinsured motorist is between the insured's actual damages and the at-fault motorist's policy limits. *See Liberty Mut. Ins. Co. v. Sims*, No. 12-14-00123-CV, 2015 WL 7770166, at *6 (Tex. App.—Tyler Dec. 3, 2015, pet. denied) (mem. op.) (explaining that "after the jury's verdict [on liability and damages], one or both parties will present evidence to the court on UIM coverage limits, liability **policy limits** of the other motorist, and any other payments received by the insured for which the UIM carrier is entitled to credit") (emphasis added). Thus, the Court finds that Lucas Love was not an underinsured motorist as a matter of law because the jury awarded Watkins less than Love's liability policy limits.

Given that Lucas Love was *not* an underinsured motorist, Watkins has not demonstrated he is entitled to UIM benefits. Thus, the Court does not need to reach the question of how much to offset the UIM benefits. Even so, Hartford would be entitled to offset the full amount of Love's policy limits, not just the settlement amount. Texas courts have long held that "an injured party

bears responsibility for the consequences of settling a claim for less than the full amount of the tortfeasor's liability coverage." *Haralson v. State Farm Mut. Auto. Ins. Co.*, 564 F. Supp. 2d 616, 627 (N.D. Tex. 2008) (citing *State Farm Mutual Auto. Ins. Co. v. Norris*, 216 S.W.3d 819, 822 (Tex. 2006); *Olivas v. State Farm Mutual Auto. Ins. Co.*, 850 S.W.2d 564, 565–66 (Tex. App.—El Paso 1993, writ denied). "Where, as here, an injured party settles a liability claim against an underinsured motorist for less than the policy limits, the UIM carrier is entitled to an offset for the full amount of liability coverage available." *Id.* (emphasis added) (citing *Allstate Indemnity Co. v. Collier*, 983 S.W.2d 342, 344 (Tex. App.—Waco 1998, writ dism'd) (UIM carrier entitled to $100,000 offset, the full amount of coverage available under tortfeasor's liability policy, even though injured party settled with tortfeasor for only $75,000). Still, the question of offset is not before the Court, considering that Love is not an underinsured motorist and Watkins's UIM coverage benefits have not been triggered.

## II.   Prejudgment Interest

Next, the parties disagree about whether Watkins is entitled to pre-judgment interest. The Court finds that, because Hartford's UIM policy was never triggered, Watkins is precluded from recovering prejudgment interest on the jury's verdict. The Supreme Court of Texas determined that "UIM insurance covers prejudgment interest that the underinsured motorist would owe the insured." *Brainard*, 216 S.W.3d at 815. The Court predicated prejudgment interest, however, on a judgment establishing the negligence and underinsured status of the underlying tortfeasor. *Id.* Here, because the jury determined that Watkins's actual damages were below the at-fault motorist's insurance limits, Watkins is not entitled to anything from Hartford's UIM policy.

### III.   Watkins' Extra Contractual and Breach of Contract Claims

Finally, the parties disagree about whether the jury's verdict moots Watkins's contractual and extra-contractual claims. The Court previously severed and abated Watkins's breach of contract claim and extra-contractual claims for violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, common law bad faith, and associated attorneys' fees arising from those claims, into Civil Action 4:21-cv-3162. *See* (Doc. No. 57). All extra-contractual and contractual claims were severed and abated until Watkins's federal declaratory judgment action was "tried to complete finality." *See* (Doc. Nos. 5, 57).

Watkins failed to obtain a finding that his actual damages exceeded the at-fault motorist's liability limits, and accordingly, Hartford has no obligation to pay under the policy. *See Brainard*, 216 S.W.3d at 818 (holding the insurer's contractual obligation to pay benefits does not arise until liability and underinsured status are determined). Further, "[i]t is well-settled that, before an insured can recover on extra-contractual causes of action against an insurer for failing to pay or settle a UIM-insurance claim, the insured must first establish that the insurer is liable on the contract." *Maguire v. State Farm Mut. Auto. Ins. Co.*, No. 3:19-cv-00339, 2020 U.S. Dist. LEXIS 264507, at *4–5 (S.D. Tex. 2020).  The Court concludes that, given Watkins's failure to establish that Hartford is liable on the contract, his breach of contract cause of action and extra-contractual causes of action fail as a matter of law. Thus, the claims that have been abated into Civil Action 4:21-cv-3162 (including for breach of contract, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, common law bad faith, and attorneys' fees arising from these claims) are hereby dismissed with prejudice.

## IV.     Conclusion

For the above reasons, the Court hereby dismisses Watkins's breach of contract and extra-contractual claims with prejudice and grants Hartford's motion for entry of a take-nothing judgment. The Court will enter a take-nothing judgment on Watkins's claims in a separate order.

Signed at Houston, Texas, this 31st day of May, 2024.

Andrew S. Hanen
United States District Judge

7